IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| KANDRA HALLE, | ) Civil Action No. 2:25-CV-00020-CBB |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) United States Magistrate Judge |
| | ) Christopher B. Brown |
| COMMISSIONER OF THE SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant, | ) |

**MEMORANDUM OPINION[1]**
**ON CROSS-MOTIONS FOR SUMMARY JUDGMENT, ECF NOS. 6, 9**

## I.    Introduction

Plaintiff Kandra Halle filed her application for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401–434, on April 13, 2022.  ECF No. 4-5 at 2.  She also filed a Title XVI application for supplemental security income on April 26, 2022.  *Id.* at 10.  Specifically, Halle claimed she became disabled beginning March 1, 2021 due to multiple impairments including asthma. ECF No. 4-4 at 5.

Halle's claims were denied initially and then again on reconsideration.  ECF No. 4-4 at 2-21.  She then sought a hearing before an Administrative Law Judge (the "ALJ") on December 7, 2023.  *Id.* at 59.  In a March 12, 2024 decision, the ALJ

---

[1]        This case was recently transferred to the undersigned from United States Judge Robert J. Colville on April 23, 2026, pursuant to Judge Coville's Order Granting Consent to Proceed Before a U.S. Magistrate Judge.  ECF No. 16.  All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment.  *See* 28 U.S.C. § 636, et seq.

denied Halle's request for benefits and found Halle was not disabled under the Act. ECF No. 4-2 at 17-38. Thereafter, the Appeals Council declined to review the ALJ's decision on November 4, 2024. *Id.* at 3-6.

On January 6, 2025, Halle filed a timely appeal with this Court and has filed a motion for summary judgment. ECF Nos. 1, 6. In response, the Commissioner filed a cross motion for summary judgment and Plaintiff filed a Reply. ECF Nos. 9, 11. The cross motions for summary judgment are fully briefed and ripe for consideration. ECF Nos. 6-7, 9-11. Upon consideration of the record before the Court and as set forth below, Halle's Motion is DENIED, the Commissioner's Motion is GRANTED, and the decision of the ALJ is AFFIRMED.

## II.    Factual Background

The following summary is limited to information which is relevant to the current appeal. Halle was born in 1985 and was less than fifty years old at the time of the ALJ's decision. ECF No. 4-2 at 30. She has at least a high school education, and previously worked as a Fast-Foods Worker (DOT # 311.472-010) and a Sales Clerk (DOT # 290.477-014). *Id.* Plaintiff can perform tasks of personal care, prepare her own meals, clean, do laundry, and shop for herself in stores. *Id.* at 28.

Halle has asthma. *Id.* at 27. She has had issues in the past with a cough, shortness of breath, and wheezing. *Id.* She has shallow lung volume and a small lung nodule. *Id.* Her pulmonary function test revealed no airway obstruction. *Id.* Plaintiff also has type II diabetes mellitus, obesity and dysmetabolic syndrome, hip dysplasia, thyroid nodule, essential hypertension, and non-alcoholic micronodular cirrhosis of the liver. *Id.* at 24.

In making its decision, the ALJ considered three physician opinions related to Halle's asthma.  First, the ALJ considered the opinion of State Disability Determination Services ("DDS") physician Floyretta Pinkard, M.D., which was found to be "not persuasive."  *Id.* at 29.  Dr. Pinkard opined that Plaintiff was "limited to medium work" with some exceptions including she "must avoid concentrated exposure to pulmonary irritants and hazards."  *Id.*  The ALJ stated this opinion was not consistent with the overall record "which reflects that the claimant has presented with wheezing and a systolic murmur" and thus found Plaintiff was limited instead to "light exertional work."  *Id.*

Next, the ALJ found the opinion of State DDS physician Catherine Smith, M.D. to be "persuasive."  *Id.*  Dr. Smith opined Plaintiff was "limited to light work" with some exceptions including she "must avoid concentrated exposure to extreme temperatures, wetness, humidity, noise, vibration, pulmonary irritants, and hazards."  *Id.*  The ALJ found this was supported by the records reviewed by Dr. Smith, which reflect that the claimant has, as relevant to this appeal, wheezing.  *Id.* The ALJ also found it was consistent with the overall record, which reflects that Plaintiff has no airway obstruction. *Id.*

Finally, the ALJ found the opinion of consultative examiner Alexandra Smith-Demain, M.D. to be "somewhat persuasive."  *Id.*  Dr. Smith-Demain opined Plaintiff "can have no exposure to pulmonary irritants; [and] can have occasional exposure to humidity, wetness, and extreme temperatures."  *Id.*  The ALJ found this

3

was supported by Dr. Smith-Demain's examination and was "somewhat consistent" with the overall record, which reflects that the Plaintiff has wheezing.  *Id.*

### III.    The ALJ Decision

At step one of the sequential analysis, the ALJ found Halle had not engaged in substantial gainful activity since her alleged disability onset date.  ECF No. 4-2 at 23.

At step two, the ALJ found Halle had multiple severe impairments including type II diabetes mellitus, obesity and dysmetabolic syndrome, asthma, lung nodules, hip dysplasia, thyroid nodule, essential hypertension, and non-alcoholic micronodular cirrhosis of the liver.  *Id.* at 24.

At step three, the ALJ found Halle did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. pt. 404, subpt. P, app. 1.  *Id.* at 24-25.

At step four, the ALJ found Halle has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with certain mental and physical limitations.  *Id.* at 25-26.  Relevant to her asthma, the RFC states Plaintiff "must avoid concentrated exposure to extreme cold, extreme heat, humidity, wetness, vibration, and excess levels of dust, noxious odors, fumes, and pulmonary irritants."  *Id.* at 26.[2]

---

[2]    The full RFC states: "the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally operate foot controls; can occasionally climb ramps and stairs; can never climb ladders, ropes, or scaffolds; can occasionally maintain balance over narrow, slippery, or erratically moving surfaces; can occasionally stoop, kneel, and crouch; can never crawl; can occasionally work at unprotected heights and in close proximity to (i.e., within arm's reach of) dangerous moving mechanical parts; can never operate a motor vehicle; is limited to working in a setting in which the

Relying on the RFC and the vocational expert's testimony, the ALJ found Plaintiff could perform her past relevant work as a Fast-Foods Worker (DOT # 311.472-010) and Sales Clerk (DOT # 290.477-014). *Id.* at 30. The ALJ made an alternative finding at step five that Plaintiff could also perform additional unskilled, light jobs, like those identified by the vocational expert as Cashier II (DOT #211.462-010), Cafeteria Attendant (DOT #311.677-010), and Ticket Marker (DOT #209.587-034). *Id.* at 31. Ultimately, with the opinion of three doctors, a vocational expert, as well as other evidence provided, the ALJ found Plaintiff was not disabled as that term is defined under the Social Security Act. *Id.* at 31-32.

## IV.    Standard of Review

Judicial review of a social security case is based upon the pleadings and the transcript of the record, and the scope of that review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. *See* 42 U.S.C. § 405(g). If the Court finds substantial evidence supports the final decision, it must uphold it. *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). The Court may not set aside a decision that is supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing § 405(g)).

---

noise level does not exceed loud noise; must avoid concentrated exposure to extreme cold, extreme heat, humidity, wetness, vibration, and excess levels of dust, noxious odors, fumes, and pulmonary irritants; and can push/pull no more than occasionally." ECF No. 4-2 at 25-26.

Not to be confusing, but the term "*substantial evidence*" is defined as "more than a mere scintilla." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). So while it uses the word "substantial" it has been interpreted to mean "such relevant evidence as a reasonable mind might accept as *adequate*" to support a conclusion. *Id*.; *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (*emphasis added*). An ALJ's findings must "be accompanied by a clear and satisfactory explication of the basis on which [they] rest[ ]." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Decisions that are conclusory in their findings or indicate the ALJ's failure to consider all the evidence are not supported by substantial evidence. *See id*. at 705-06. Moreover, the Court must ensure the ALJ did not "reject evidence for no reason or for the wrong reason." *Id*. at 706 (citing *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980)).

To be eligible for Social Security benefits under the Act, a claimant must demonstrate that they cannot engage in "substantial gainful activity" because of a medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); *Brewster v. Heckler*, 786 F.2d 581, 583 (3d Cir. 1986).

When reviewing a claim, the ALJ must utilize a five-step sequential analysis to evaluate whether a claimant has met the requirements for disability. 20 C.F.R. §§ 404.1520, 416.920. The ALJ must determine:

(1) whether the claimant is currently engaged in substantial gainful activity;

(2) if not, whether the claimant has a severe impairment or a combination of impairments that is severe;

(3) whether the medical evidence of the claimant's impairment or combination of impairments meets or equals the criteria listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1;

(4) whether the claimant's impairments prevent them from performing their past relevant work; and

(5) if the claimant is incapable of performing their past relevant work, whether they can perform any other work which exists in the national economy.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003).  If the claimant is determined to be unable to resume previous employment, the burden shifts to the Commissioner at Step 5 to prove that, given claimant's mental or physical limitations, age, education, and work experience, they can perform substantial gainful activity in jobs available in the national economy. *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986).

### V.    Discussion

The Parties have cross-moved for summary judgment.  ECF Nos. 6, 9. Plaintiff makes three arguments in support of remand.  ECF No. 7.  The crux of all three arguments is that the ALJ should have been more restrictive in the RFC regarding how frequently Plaintiff could be exposed to pulmonary irritants, because it would have limited the jobs she can perform.  *Id.*

First, Plaintiff argues the Commissioner erred as a matter of law by failing to define "excess" in the RFC's finding that Plaintiff "must avoid concentrated exposure to . . . excess levels" of pulmonary irritants without any definition of an "excessive" amount of exposure.  ECF No. 7 at 14.  She argues the RFC and the

questions posed to the vocational expert are flawed, and a "reasonable mind" could easily find that her prior roles as a Fast-Foods Worker and a Cafeteria Attendant "would both be exposed to pulmonary irritants," and the other jobs proposed by the vocational expert "may also be limited in quantity of jobs available if the VE considered the proper frequency of environmental limitations." *Id.* at 15-16.

Next, Plaintiff argues the Commissioner erred as a matter of law by failing to reconcile the internal inconsistency regarding pulmonary irritant exposures in his decision and amongst three medical opinions. *Id.* at 17-18. Plaintiff takes issue with the ALJ's finding that Dr. Pinkard's opinion was "persuasive" and Dr. Smith's opinion "not persuasive" even though they both opined she should avoid concentrated exposure to pulmonary irritants. *Id.* at 18. Plaintiff argues the ALJ did not adequately address how he weighted the three medical opinions where Drs. Pinkard and Smith opined Plaintiff should "avoid concentered exposure," but Dr. Smith-Demain opined Plaintiff can "never" tolerate exposure. *Id.*

Finally, Plaintiff's third argument in favor of remand is that the Commissioner erred as a matter of law by failing to consider the waxing and waning nature of the Plaintiff's severe pulmonary impairments. *Id.* at 19-20. She says she was harmed because "it is likely the resulting RFC would have been more restrictive." *Id.* at 20-21.

The Commissioner argues that any errors were harmless because the DOT states that the five jobs discussed have no exposure to pulmonary irritants or other environmental conditions. ECF No. 10 at 5-11. This is true of Plaintiff's past roles

as a Fast-Foods Worker and Sales Clerk, as well of the alternative step five finding of Cashier II, Cafeteria Attendant, and Ticket Marker. *Id.*

The Court agrees with the Commissioner. Even if the ALJ had done all three things suggested by Plaintiff[3] and apply the most restrictive RFC that she should "never" be around environmental exposures, she could still do the five jobs because they require no exposure to pulmonary irritants or other environmental conditions. *See, e.g. Denomme v. Comm'r, Soc. Sec. Admin.,* 518 Fed.Appx. 875, 877 (11th Cir. 2013) ("[w]hen... an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand"); *Murphy v. Comm'r of Soc. Sec.,* No. 6:16-1987, 2017 WL 9398635, at \*4 (M.D. Fla. Aug. 14, 2017), *report and recommendation adopted*, No. 6:16-1987, 2017 WL 5415001 (M.D. Fla. Nov. 14, 2017) ("Thus, the record affirmatively establishes that the inclusion of all of these limitations in the RFC assessment would not preclude Plaintiff's ability to perform the identified jobs").

Social Security appeals are subject to a harmless error analysis. *Rupert v. Bisignano*, No. 1:24-CV-1930, 2025 WL 1749657, at \*7 (M.D. Pa. June 24, 2025) (citing *Holloman v. Comm'r Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016)). An "error is 'harmless' when, despite the technical correctness of an appellant's legal contention, there is also 'no set of facts' upon which the appellant could recover."

---

[3]    In light of the conclusions below, the undersigned makes no decision regarding whether the ALJ sufficiently defined "excess," whether he reconciled the inconsistencies between his opinion and the three medical opinions, or whether he considered the waxing and waning nature of Plaintiff's asthma, or whether the failure to do those three things would constitute error.

*Alhabash v. Comm'r of Soc. Sec.*, No. CV 23-310-E, 2024 WL 4729505, at \*1, n.1 (W.D. Pa. Nov. 8, 2024) (quoting *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

Plaintiff's main concerns center around the RFC's limits on how frequently she can be exposed to pulmonary irritants.  ECF No. 7 at 5.  More specifically, these includes "dust, noxious odors, fumes, and pulmonary irritants," as laid out in the RFC (ECF No. 4-2 at 26), as well as "odors, dusts, gases, [and] poor ventilation," as she lays out in her brief.  ECF No. 7 at 14.  These types of pulmonary irritants are all succinctly encompassed within the DOT's term "atmospheric conditions," which is defined as "exposure to such conditions as fumes, noxious odors, dusts, mists, gases, and poor ventilation, that affect the respiratory system, eyes or the skin." Selected Characteristics of Occupations, Dictionary of Occupational Titles (SCO); 1993 Ed., U.S. Dept. of Labor, App. D.: Environmental Conditions.

As the Commissioner points out, all five of the jobs the ALJ noted in steps four and five have no exposure to atmospheric conditions, extreme temperatures, toxic caustic chemicals, or any other environmental conditions.   For a Fast-Foods Worker, the DOT states:

> Exposure to Weather: Not Present - Activity or condition does not exist
> Extreme Cold: Not Present - Activity or condition does not exist
> Extreme Heat: Not Present - Activity or condition does not exist
> Wet and/or Humid: Not Present - Activity or condition does not exist
> Noise Level: Level 3 - Moderate
> Vibration: Not Present - Activity or condition does not exist
> Atmospheric Cond.: Not Present - Activity or condition does not exist
> Moving Mech. Parts: Not Present - Activity or condition does not exist
> Electric Shock: Not Present - Activity or condition does not exist

High Exposed Places: Not Present - Activity or condition does not exist

Radiation: Not Present - Activity or condition does not exist

Explosives: Not Present - Activity or condition does not exist

Toxic Caustic Chem.: Not Present - Activity or condition does not exist

Other Env. Cond.: Not Present - Activity or condition does not exist

*See* Fast-Foods Worker (DOT # 311.472-010, 1991 WL 672682).

The other four potential jobs also state that there are no atmospheric conditions, extreme temperatures, toxic caustic chemicals, or other environmental conditions present.   *See* Sales Clerk (DOT # 290.477-014, 1991 WL 672554) (stating for atmospheric conditions, extreme cold and heat, toxic caustic chemicals, and other environmental conditions: "Not Present - Activity or condition does not exist"); Cashier II (DOT # 211.462-010, 1991 WL 671840) (same); Cafeteria Attendant (DOT # 311.677-010, 1991 WL 672694) (same); and Ticket Marker (DOT # 209.587-034, 1991 WL 671802) (same).

Federal Courts around the country have found error, if any, to be harmless where, as here, the DOT job descriptions revealed the jobs have no exposure to atmospheric conditions or other pulmonary irritants.  For example, in a case mirroring Plaintiff's first argument that the ALJ did not adequately define "excessive," the Eastern District of Arkansas found any error to be harmless because the DOT "describes each of the jobs cited by the V[ocational] E[xpert] as requiring zero exposure to toxic caustic chemicals, atmospheric conditions, or other environmental conditions" so none of the jobs exposed the plaintiff "to any airborne or pulmonary irritants." *Gibbs v. Comm'r of Soc. Sec. Admin.*, No. 4:21-00127, 2022 WL 2191368, at *5 (E.D. Ark. June 17, 2022), *report and recommendation adopted*

11

*sub nom. Gibbs v. Kijakazi*, No. 4:21-CV-00127, 2022 WL 4299732 (E.D. Ark. Sept. 19, 2022).

The District Court for the District of New Jersey similarly found the ALJ committed only harmless error in a case mirroring Plaintiff's second argument – that the ALJ did not properly reconcile inconsistencies in the expert's opinions regarding exposure to pulmonary irritants. *Smith v. Comm'r of Soc. Sec.,* No. 19-20682, 2020 WL 7396355, at *8 (D.N.J. Dec. 17, 2020). There, the Court found that "[e]ven assuming the ALJ erred" in rejecting the doctor's opinions that plaintiff could "never" be exposed to pulmonary irritants, "such an error is harmless because the position . . . does not require exposure to environmental conditions such as dust, odor, fumes." *Id.* (citing *Kenyon v. Comm'r of Soc. Sec.*, No. 16-cv-0260, 2017 WL 2345692, at *5 (N.D.N.Y. May 30, 2017) ("any error to include environmental limitations in the RFC determination would be harmless error because the positions identified by the vocational expert do not require exposure to atmospheric conditions such as dust, fumes, and gases").

Even beyond the arguments Plaintiff makes here, Courts have consistently held that failing to consider asthma or exposure to atmospheric conditions is a harmless error where the job itself has no exposure. *See Hicks v. Comm'r of Soc. Sec.,* No. CV 18-10590, 2019 WL 6044939, at *6 (D.N.J. Nov. 15, 2019) ("If ALJ Kelly erred in not considering Plaintiff's asthma, the error was harmless because the jobs VE Garozzo identified would not expose Plaintiff to pulmonary irritants or other environmental conditions that would exacerbate her asthma"); *Williams v.*

*Colvin*, No. CV 15-01743, 2015 WL 7740412, at *6 (C.D. Cal. Nov. 30, 2015) (finding any error to be harmless because none of the jobs identified "involves working in an environment with atmospheric conditions; extreme heat or cold; exposure to toxic, caustic chemicals; *or* other environmental conditions."); *Shubin v. Colvin,* No. 12-07372, 2013 WL 6002140, at *6 (C.D. Cal. Nov. 12, 2013) (finding that because none of the jobs the VE identified involved working in an environment with atmospheric conditions, "a hypothetical question that precluded all exposure to the environmental conditions identified by the ALJ would ultimately have had no bearing on the [VE] 's testimony about the availability of alternate jobs").

Beyond asthma, Courts have also found an error to be harmless where the job itself does not actually require a certain ability. For example, the Court of Appeals for the Tenth Circuit rejected arguments that the ALJ failed to properly consider the plaintiff's visual impairment because the job identified at step five did not actually require any type of acuity or depth perception. *Jones v. Berryhill*, 720 F. App'x 457, 459 (10th Cir. 2017). The District Court for the Middle District of Pennsylvania also found the same regarding limitations to one to two step tasks. *Amber B. F. v. King*, No. 4:23-CV-409, 2025 WL 365689, at *7 (M.D. Pa. Jan. 31, 2025) ("Even assuming *arguendo* that the ALJ did err in [not limiting plaintiff to one to two step tasks], Plaintiff cannot show harmful error because the housekeeper, DOT # 323.687-014, job has a reasoning level of 1"). Then-Chief Judge Hornak in the Western District of Pennsylvania recently found harmless error regarding depth perception for the same reasons. *Alhabash,* 2024 WL 4729505, at

13

*1, n.1 (finding harmless error in depth perception analysis "because the representative occupations he identified do not require depth perception").

Finally, Plaintiff argues "reasonable mind" could assume that a Fast-Foods Worker or a Cafeteria Attendant could be exposed to pulmonary irritants in the kitchen, and a Ticket Marker could be exposed to pulmonary irritants from cars or pollen. ECF No. 7 at 15; ECF No. 11 at 2. While that may potentially be the case, the reality is DOT has found that those jobs have no atmospheric conditions present. *See* Fast-Foods Worker (DOT # 311.472-010, 1991 WL 672682); Sales Clerk (DOT # 290.477-014, 1991 WL 672554); Cashier II (DOT # 211.462-010, 1991 WL 671840); Cafeteria Attendant (DOT # 311.677-010, 1991 WL 672694); Ticket Marker (DOT # 209.587-034, 1991 WL 671802). The DOT "remains an appropriate source of occupational data" and it is acceptable for the ALJ and the vocational expert to rely on it. *Junod v. Berryhill*, No. CV 17-1498, 2018 WL 5792214, at *4 (W.D. Pa. Nov. 5, 2018) ("Nevertheless, the 'DOT remains an appropriate source of occupational data. Under 20 C.F.R. § 404.1566(d)(1), the Social Security Administration may take administrative notice of job information from the DOT'") (quoting *Devault v. Astrue*, Civ. No. 2:13-cv-0155, 2014WL 3565972, at *6 (W.D. Pa. July 18, 2014)). *See also Smith*, 2020 WL 7396355, at *7 ("It is not for this Court to reform the methodology that the SSA vocational experts use to determine available and appropriate jobs in the national economy"). Therefore, any argument to the contrary is unpersuasive for purposes of this appeal.

In conclusion, even assuming *arguendo* the ALJ failed to do all three things the Plaintiff laid out above, any error is harmless as Plaintiff is capable of performing the jobs identified at steps four and five without any exposure to atmospheric conditions or other conditions that will trigger her asthma. "No principle of administrative law 'requires that we convert judicial review of agency action into a ping-pong game' in search of the perfect decision." *Coy v. Astrue*, No. 08-1372, 2009 WL 2043491, at *14 (W.D. Pa. July 8, 2009) (quoting *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766, n.6 (1969)). Accordingly the ALJ's decision will be AFFIRMED.

## VI.   Conclusion

Therefore, for the foregoing reasons, the final decision of the Commissioner denying these claims will be AFFIRMED. Plaintiff's Motion for Summary Judgment is DENIED and the Commissioner's Motion for Summary Judgment is GRANTED. An appropriate order follows.


DATED this 29th day of June, 2026.

BY THE COURT:


s/Christopher B. Brown
United States Magistrate Judge

CC: All counsel of record, *via ECF*